## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HYUNDAI MOTOR COMPANY,** *et al.*, <br><br> Petitioners, <br><br> v. <br><br> **DIRECT TECHNOLOGIES INTERNATIONAL,** *et al.*, <br><br> Respondents. | Case No. 1:19-mc-00206 (TNM) |

### MEMORANDUM OPINION

Petitioners Hyundai Motor Company and Hyundai Motor America have filed trademark infringement claims against Direct Technologies International ("DTI") with the U.S. International Trade Commission ("USITC"). *See* Pet'rs' Mot. 1–2, ECF No. 1. In pursuit of its claims, Hyundai seeks documents and deposition testimony from two Canadian residents whom Hyundai believes possess relevant information about the trademark violations. *See id*. at 2. But since foreign residents are beyond the U.S. courts' jurisdictional reach, Hyundai has moved the Court to issue letters rogatory for assistance from Canada's judicial authorities. *See id*. at 1. DTI opposes the motion. *See* Resp'ts' Opp. 1–5, ECF. No. 5.

A letter rogatory is a formal request from a domestic court to a foreign court or judge "that the testimony of a witness resident within [the foreign country] may be formally taken there under its direction and transmitted to the first court for use in the pending action." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2083 (3d ed. 2010); *see also* 28 U.S.C. § 1781 (authorizing transmittal of letters rogatory between domestic and foreign courts either directly or through the Department of State).

Federal Rule of Civil Procedure 28(b) sets a permissive standard for issuing letters rogatory "(A) on appropriate terms after an application and notice of it; and (B) without a showing that taking the deposition in another manner is impracticable or inconvenient." Harmonizing that tone, the D.C. Circuit has held there must be "good reason" to deny a party's request. *See Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968).

Here, there is no good reason for denial. *See id*. Accompanying Hyundai's motion is a recommendation from a USITC Administrative Law Judge ("ALJ") that this Court issue the letters rogatory so Hyundai can fully investigate its infringement claims against DTI. *See* Pet'rs' Mot. Ex. 1, ECF No. 1-2 ("ALJ Opinion"). According to the ALJ Opinion, Mr. Denis Chegrinets and Ms. Irina Bakumenko both "perform services for DTI and have material information" about Hyundai's claims. *See id*.

DTI's contrary arguments are unconvincing. First, DTI contends that Hyundai's request is punitive, designed "to make litigation painful, and now, personal, for DTI's president . . . by seeking to depose his mother, Ms. Irina Bakumenko, who is not even a DTI employee." *See* Resp'ts' Opp. at 1. The Court disagrees. DTI concedes that Ms. Bakumenko plays a limited role assisting with DTI's "housekeeping and administrative matters." *See id*. at 2. Likewise, DTI does not contest that Mr. Chegrinets bears some relevance to its business. *See id*. Both have enough involvement with DTI's affairs to overcome DTI's baseless claims.

DTI's second challenge—that Hyundai's requests are untimely—is also unconvincing, considering that Hyundai needs the Court's assistance to reach the Canadian residents. *See id*. at 2–4; Pet'rs' Mot. at 3. Perhaps the deadline for fact discovery before the USITC has passed, but the ALJ Opinion offers no suggestion that Hyundai's request is time-barred. *See generally* ALJ Opinion. And even if Hyundai could have pursued one of the three other methods for taking a

foreign deposition before filing its motion here, *see* Fed. R. Civ. P. 28(b)(1)(A)–(D), the Rule also explicitly disclaims any requirement for "a showing that taking the deposition in another manner is impracticable or inconvenient," Fed. R. Civ. P. 28(b)(2)(B).

In view of the permissive standard for issuing letters rogatory, the Court will grant Hyundai's request. *See Zassenhaus*, 404 F.2d at 1364; Fed. R. Civ. P. 28(b). A separate Order will issue.

Dated: December 23, 2019                  TREVOR N. McFADDEN, U.S.D.J.